**NOT FOR PUBLICATION**

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY**

|  |  |
|---|---|
| SHMUEL DAVID, : | |
| : | Civil Action No. |
| Petitioner, : | 07-5344 (JBS) |
| : | |
| v. : | **O P I N I O N** |
| : | |
| J. GRONDOLSKY, : | |
| : | |
| Respondent. : | |

**APPEARANCES:**

    SHMUEL DAVID, Petitioner pro se
    #16834-038
    F.C.I. Fort Dix
    Fort Dix, New Jersey  08640

SIMANDLE, District Judge:

    This matter is before the Court on the petition of SHMUEL DAVID (hereinafter "Petitioner") for habeas corpus relief under 28 U.S.C. § 2241.  For the reasons set forth below, the Court will dismiss the petition for lack of jurisdiction.

**BACKGROUND**

    The following facts are taken from the petition, as well as from pertinent court opinions filed by various federal courts, and are assumed true for purposes of this decision.  Petitioner's underlying criminal matter initiated when

> the government charged that, during 1986, 1987, and 1988, [Petitioner], thirteen codefendants, and various other persons engaged in extensive cocaine trafficking.. . . Following a nine-week trial, a jury found the [P]etitioner guilty on twenty-two counts . . . . . At the disposition hearing, the district court, employing the January 1988 edition of the sentencing guidelines, grouped related offenses, . . . added two levels for possession of a firearm during the commission of an offense . . . .  In the end, the district court sentenced the [P]etitioner within the computed guideline sentencing range, imposing a thirty-year incarcerative term on . . . various "grouped" possession counts  . . . .  Represented by new counsel, [Petitioner] appealed.  [The Court of Appeals for the First Circuit] vacated the conspiracy convictions [but, in] all other respects, . . . affirmed the convictions and the corresponding sentences.  On January 7, 1994, while still incarcerated, the [P]etitioner retained fresh counsel and filed a motion for post-conviction relief in the district court [pursuant to § 2255.  The district court]  denied it on January 2, 1997, [without] an evidentiary hearing. Without missing a beat, the [P]etitioner changed counsel again.  His new lawyers filed a motion for reconsideration on February 26, 1997, which [the district court] also denied.  The [P]etitioner appeal[ed] . . . the . . . denial of [§ 2255] post-conviction relief.

David v. United States, 134 F.3d 470, 473-74 (1st Cir. 1998).  On appeal, Petitioner argued, inter alia, that the sentencing guidelines did not authorize the enhancement imposed by the court for the use of a firearm nor the upward adjustment for role in the offense.  See id. at 474-75.  On January 27, 1998, the Court of Appeals for the First Circuit affirmed the decision of the district court and dismissed Petitioner's appeal as "procedurally defective and substantively infirm."  Id. at 478.

On November 7, 2007, almost a decade after the First Circuit dismissed his appeal, Petitioner filed the instant application with this Court arguing that: (a) Petitioner is entitled to a review pursuant to § 2241 because Section 2255 is inadequate or ineffective to address Petitioner's claims, since the bar against second/successive petitions prevents him from challenging, under the holdings of Apprendi v. New Jersey, 530 U.S. 466 (2000), and United States v. Booker, 543 U.S. 220 (2005), the fact that the sentencing guidelines did not authorize the enhancement imposed by his trial court; and (b) Petitioner was "actually innocent" of holding a gun to the victim's head. See Pet. at 9-14.

## DISCUSSION

**A.   Sua Sponte Dismissal**

"Habeas corpus petitions must meet heightened pleading requirements." McFarland v. Scott, 512 U.S. 849, 856 (1994). A petition must "specify all the grounds for relief" and set forth "facts supporting each of the grounds thus specified." See 28 U.S.C. § 2254 Rule 2(c) (amended Dec. 1, 2004), applicable to § 2241 petitions through Habeas Rule 1(b).

A court presented with a petition for writ of habeas corpus "shall forthwith award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or

person detained is not entitled there." 28 U.S.C. § 2243. Thus, "[f]ederal courts are authorized to dismiss summarily any habeas petition that appears legally insufficient on its face." McFarland, 512 U.S. at 856; see also United States v. Thomas, 221 F.3d 430, 437 (3d Cir. 2000); Siers v. Ryan, 773 F.2d 37, 45 (3d Cir.), cert. denied, 490 U.S. 1025 (1985).

Section 2241 of Title 28 of the United States Code provides in relevant part:

> The writ of habeas corpus shall not extend to a prisoner unless- . . . He is in custody in violation of the Constitution or laws or treaties of the United States.

28 U.S.C. § 2241(c)(3).

As a result of the practical difficulties encountered in hearing a challenge to a federal sentence in the district of confinement rather than the district of sentence, in its 1948 revision of the Judicial Code, Congress established a procedure whereby a federal prisoner might collaterally attack his sentence in the sentencing court.[1] See 28 U.S.C. § 2255; Davis v. United

---

[1] The addition of 28 U.S.C. § 2255 was deemed necessary because a § 2241 petition must be filed in the district where the prisoner is confined and "the few District courts in whose territorial jurisdiction major federal penal institutions are located were required to handle an inordinate number of habeas corpus actions far from the scene of the facts . . . solely because of the fortuitous concentration of federal prisoners within the district." United States v. Hayman, 342 U.S. 205, 213-14 (1952).

States, 417 U.S. 333, 343-44 (1974); United States v. Hayman, 342 U.S. 205, 219 (1952). Section 2255 provides in relevant part:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was [*10] imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

28 U.S.C. § 2255.

"Motions pursuant to 28 U.S.C. § 2255 are the presumptive means by which federal prisoners can challenge their convictions or sentences that are allegedly in violation of the Constitution." Okereke v. United States, 307 F.3d 117, 120 (3d Cir. 2002).  This is because § 2255 expressly prohibits a district court from entertaining a challenge to a prisoner's federal sentence under § 2241 unless the remedy under § 2255 is "inadequate or ineffective" to test the legality of the petitioner's detention.[2]  See 28 U.S.C. § 2255.  Specifically, paragraph five of § 2255 provides:

> An application for a writ of habeas corpus [pursuant to 28 U.S.C. § 2241] in behalf of a prisoner who is authorized to apply for relief by motion pursuant to

---

[2] The "inadequate or ineffective" language was necessary because the Supreme Court held that "the substitution of a collateral remedy which is neither inadequate nor ineffective to test the legality of a person's detention does not constitute a suspension of the writ of habeas corpus." Swain v. Pressley, 430 U.S. 372, 381 (1977).

5

> this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

28 U.S.C. § 2255; see Cradle v. Miner, 290 F.3d 536 (3d Cir. 2002); In re Dorsainvil, 119 F.3d 245, 251 (3d Cir. 1997).

A § 2255 motion is inadequate or ineffective, authorizing resort to § 2241, "only where the petitioner demonstrates that some limitation of scope or procedure would prevent a § 2255 proceeding from affording him a full hearing and adjudication of his wrongful detention claim." Cradle, 290 F.3d at 538. "It is the inefficacy of the remedy, not the personal inability to use it, that is determinative." Id. "Section 2255 is not 'inadequate or ineffective' merely because the sentencing court does not grant relief, the one-year statute of limitations has expired, or the petitioner is unable to meet the stringent gatekeeping requirements of the amended § 2255. The provision exists to ensure that petitioners have a fair opportunity to seek collateral relief, not to enable them to evade procedural requirements." Id. at 539.

The United States Court of Appeals for the Third Circuit has recognized that, under certain very rare situations, a prisoner who cannot satisfy the gate-keeping requirements of § 2255 should be permitted to proceed under § 2241, which has neither a

6

limitations period nor a proscription against filing successive petitions.  See Dorsainvil, 119 F.3d at 251. The Dorsainvil exception, which addresses what makes a § 2255 motion "inadequate and ineffective," is satisfied only where petitioner "had no earlier opportunity to challenge his conviction for a crime that an intervening change in substantive law may negate." Id. at 251. The court emphasized, however, that its holding was not intended to suggest that § 2255 would be considered "inadequate or ineffective" merely because a petitioner is unable to meet the stringent limitations or gatekeeping requirements of § 2255.  Id. To the contrary, the court was persuaded that § 2255 was "inadequate or ineffective" in the unusual circumstances presented in Dorsainvil because it would have been a complete miscarriage of justice to confine a prisoner for conduct that, based upon an intervening interpretation of the statute of conviction by the United States Supreme Court, may not have been criminal conduct at all.  Id. at 251-52.

**B.   Petitioner's Booker Claim**

Turning to the case at bar, Petitioner argues that his sentence is unconstitutional under Booker.  It is clear that this claim is within the scope of claims that are cognizable under § 2255.  Therefore, this Court lacks jurisdiction under § 2241 to

7

entertain Petitioner's claim unless § 2255 is inadequate or ineffective for him to raise it.

Booker evolved from the Supreme Court's decision in Apprendi v. New Jersey, 530 U.S. 466 (2000).[3]  In Apprendi, the Supreme Court determined that Apprendi had a constitutional right to have a jury, rather than a judge, find bias because the finding was necessary to support an enhanced sentence under the New Jersey hate crimes law.  The Supreme Court reversed Apprendi's sentence pursuant to the principle that, "under the Due Process Clause of the Fifth Amendment and the notice and jury trial guarantees of the Sixth Amendment, any fact (other than prior conviction) that increases the maximum penalty for a crime must be charged in an indictment, submitted to a jury, and proven beyond a reasonable doubt."  Apprendi, 530 U.S. at 476 (quoting Jones, 526 U.S. at 243 n.6, emphasis supplied).  In Booker, the Supreme Court determined that, for reasons explained in Apprendi, Ring v. Arizona, 536 U.S. 584 (2002), and Blakely v. Washington, 542 U.S.

---

[3] The Booker Court traced the evolution of its holding from Apprendi and its progeny, Ring v. Arizona, 536 U.S. 584 (2002), and Blakely.  In Ring, the Court held that imposition of the death penalty under Arizona law violated Apprendi because the trial judge determined the presence or absence of aggravating factors required by Arizona law for imposition of the death penalty.  Ring, 536 U.S. at 602.  In Blakely, the Court determined that application of Washington's sentencing guidelines violated the defendant's rights under Apprendi because "the 'statutory maximum' for Apprendi purposes is the maximum sentence a judge may impose *solely on the basis of the facts reflected in the jury verdict or admitted by the defendant*."  Blakely, 124 S.Ct. at 2537 (emphasis in original).

8

296 (2004), application of the Federal Sentencing Guidelines violated the Sixth Amendment because the guidelines required the judge to enhance the sentence based on the judge's determination of facts that were not found by the jury or admitted by defendant.

Petitioner is correct that Booker is a change of law announced after Petitioner's conviction became final and after his § 2255 motion was decided.  Petitioner is also correct that he cannot raise the Booker claim in a successive § 2255 motion because Booker has not been made retroactive to cases on collateral review by the Supreme Court.[4]  See In re Olopade, 403 F.3d 159 (3d Cir. 2005); see also Tyler v. Cain, 533 U.S. 656 (2001); In re Turner, 267 F.3d 225 (3d Cir. 2001).  However, it does not follow that § 2255 is an inadequate or ineffective procedural mechanism for Petitioner to raise his claim.

Section 2255 is not inadequate or ineffective "merely because the sentencing court does not grant relief, the one-year statute of limitations has expired, or the petitioner is unable

---

[4] In 1996 Congress amended § 2255 to severely limit the filing of second or successive motions under § 2255.  As amended, § 2255 prohibits a second or successive § 2255 motion unless the Court of Appeals having jurisdiction over the sentencing court certifies that (1) the motion is based on newly discovered evidence sufficient to establish that no reasonable factfinder would have found the movant guilty or (2) the motion pertains to a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.  28 U.S.C. §§ 2255, ¶ 8.

to meet the stringent gatekeeping requirements of the amended §
2255." In re Cradle, 290 F.3d at 539.  Moreover, § 2255 is not
inadequate or ineffective for a prisoner like Petitioner to raise
a Booker claim, even where he had no earlier opportunity to raise
the claim because Booker was not decided until after his
conviction became final and his first § 2255 motion was decided.
See Okereke v. United States, 307 F.3d 117 (3d Cir. 2002).  As
the Third Circuit reasoned in Okereke:

> Unlike the intervening change in law in In
> re Dorsainvil that potentially made the crime
> for which that petitioner was convicted non-
> criminal, Apprendi dealt with sentencing and
> did not render conspiracy to import heroin,
> the crime for which Okereke was convicted,
> not criminal.  Accordingly, under our In re
> Dorsainvil decision, § 2255 was not
> inadequate or ineffective for Okereke to
> raise his Apprendi argument.

Okereke, 307 F.3d at 120-21.

   If § 2255 is not an inadequate or ineffective procedural
mechanism for a prisoner who had no other opportunity to raise an
Apprendi claim, Okereke, 307 F.3d at 120-21, it follows that it
is not an inadequate or ineffective vehicle for a petitioner to
raise a Booker claim.  Like Apprendi, Booker deals with
sentencing and does not decriminalize the conduct for which
Petitioner was convicted.  Accordingly, this Court lacks
jurisdiction to entertain Petitioner's Booker claim under § 2241.
See Silvestre v. Yost, 2005 WL 3196600 *2 (3d Cir. Nov. 30, 2005)
(affirming dismissal of § 2241 petition for lack of jurisdiction

10

because § 2255 is not inadequate or ineffective for Booker claim); Goldberg v. Bonaforte, 2005 WL 1491220 (3d Cir. June 24, 2005).

Even if this Court had jurisdiction to entertain Petitioner's claim, he could not prevail because the United States Court of Appeals for the Third Circuit has held that Booker does not apply retroactively to cases that became final on direct review prior to January 12, 2005, the date Booker issued. See Warren v. Kyler, 422 F.3d 132 (3d Cir. 2005) (Booker is not applicable retroactively to cases on collateral review under § 2254); Lloyd v. United States, 407 F.3d 608 (3d Cir. 2005) (Booker does not apply retroactively under § 2255); see also Schriro v. Summerlin, 124 S. Ct. 2519 (2004) (because Ring is a new procedural rule, it does not apply retroactively under § 2255 to cases final on direct review)[5]; United States v. Jenkins, 333 F.3d 151, 154 (3d Cir. 2003) (Apprendi does not apply retroactively to first § 2255 motions because "[i]ts application affects only the enhancement of a defendant's sentence after he or she has already been convicted by proof beyond a reasonable

---

[5] The Supreme Court reasoned that, because Ring "altered the range of permissible methods for determining whether a defendant's conduct is punishable by death, requiring that a jury rather than a judge find the essential facts bearing on punishment," it was a "prototypical procedural rule" that did not apply retroactively to cases already final on direct review. Schriro, 124 S. Ct. at 2523.

11

doubt"). This Court, therefore, dismisses Petitioner's claim with respect to his sentence for lack of jurisdiction.

**C.    Petitioner's Apprendi Claim**

Petitioner expressly raises Apprendi-based challenges. See Pet. at 10. Therefore, Petitioner's Petition must be construed as either an application for leave to "re-appeal" from the § 2255 ruling (which must be filed with the First Circuit, over which this Court lacks jurisdiction) or as a second and successive motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255[6] (which must be filed in the district of conviction, and over which this Court equally lacks jurisdiction).

Whenever a civil action is filed in a court that lacks jurisdiction, "the court shall, if it is in the interest of justice, transfer such action ... to any other such court in

---

[6] Although this Court is reclassifying the Petition as a § 2255 motion, no Miller notice and order is necessary to afford Petitioner an opportunity to raise additional § 2255 grounds. The purpose of the Third Circuit's decision in United States v. Miller, 197 F.3d 644 (3d Cir. 1999), was to provide fair warning to petitioners whose petitions were being recharacterized as § 2255 motions so that they could ensure that all their claims were fully raised in a single all-encompassing § 2255 petition. Such warning, the Miller court reasoned, is necessary because petitioners will thereafter be unable to file "second or successive" § 2255 petitions without certification by the Court of Appeals. Because Petitioner has already pursued unsuccessful § 2255 motions, no purpose would be served by a Miller notice.

which the action ... could have been brought at the time it was filed."

28 U.S.C. § 1631.  A second or successive § 2255 motion may be brought in the district of conviction only if the applicable Court of Appeals has authorized such filing, see 28 U.S.C. § 2244, same as a delayed appeal may be filed with the applicable Court of Appeals only of that has authorized such filing.  See Fed. R. App. P. 5.

It does not appear that it would be in the interest of justice to transfer this Petition to the Court of Appeals for the First Circuit, as a request for leave to file either an appeal or a second/successive § 2255 motion.

### D.   Petitioner's "Actual Innocence" Claim

Here, Petitioner argues that he is entitled to habeas relief under § 2241 because he is "actually innocent" of holding his firearm to the victim's head during drug trafficking.

Petitioner's claim is of no merit.  A claim of "actual innocence" relates to innocence in fact, not innocence based on a legal, procedural defect.[7]  A petitioner must present evidence of

---

[7] Before AEDPA, the Supreme Court held that a petitioner otherwise barred from filing a successive § 2255 motion "may have his federal constitutional claim considered on the merits if he makes a proper showing of actual innocence." Herrera v. Collins, 506 U.S. 390, 404 (1993).  This rule, the fundamental miscarriage of justice exception, is only granted in extraordinary situations, such as where it is shown that the constitutional

innocence so compelling that it undermines the court's confidence in the trial's outcome of conviction; thus, permitting him to argue the merits of his claim. A claim of actual innocence requires a petitioner to show: (a) *new reliable evidence not available for presentation at the time of the challenged trial*; and (b) that it is more likely than not that no reasonable juror would have convicted the petitioner in the light of the new evidence. See House v. Bell, 126 S. Ct. 2064, 2077 (2006); Schlup v. Delo, 513 U.S. 298, 324, 327 (1995). Furthermore, the Supreme Court, in House, emphasized that the gateway standard for habeas review in claims asserting actual innocence is demanding and permits review only in the "extraordinary" case. See House, 126 S. Ct. at 2077 (citing Schlup, 513 U.S. at 327).

In this case, Petitioner's claim of "actual innocence" is not based on any new evidence. Rather, Petitioner asserts that his jury unduly endorsed the testimony of a witness asserting that Petitioner's drug offenses were accompanied by Petitioner's threatening of a victim with a firearm.[8] This claim, however,

---

violations probably resulted in the conviction of one who is actually innocent. Id.; McCleskey v. Zant, 499 U.S. 467, 494 (1991). The "claim of actual innocence is not itself a constitutional claim, but instead a gateway through which a habeas petitioner must pass to have his otherwise barred constitutional claim considered on the merits." Herrera, 506 U.S. at 404.

[8] Notably, Petitioner *was convicted of possessing a firearm during his drug trafficking offense*, see David v. United States, 134 F.3d 473, and that conviction remained undisturbed during his

does not meet the extraordinarity test of actual innocence: it merely presents Petitioner's disagreement with the jury as to the weight and/or credibility of evidence actually entered during Petitioner's trial.  <u>See</u> <u>Perez v. Samuels</u>, 2007 U.S. Dist. LEXIS 43084 (D.N.J., June 8, 2007), <u>aff'd</u>, 2007 U.S. App. LEXIS 28277 (3d Cir. Dec. 5, 2007) (affirming dismissal of § 2241 petition where the petitioner alleged "actual innocence" of using or carrying a firearm basing his claims on allegedly perjured testimony).

In sum, despite Petitioner's argument otherwise, "[t]he nature of [Petitioner's instant] claims places his petition squarely within the scope of § 2255," again.  <u>See</u> <u>Perez v. Derosa</u>, 127 Fed. Appx. 85.  Therefore, Petitioner has failed to demonstrate circumstances that would render § 2255 an inadequate or ineffective remedy.  Petitioner cites no intervening change in the law that renders non-criminal the crimes for which he was convicted.  He also fails to demonstrate any circumstances amounting to a "complete miscarriage of justice" that would justify application of the safety-valve language of § 2255 rather than its gatekeeping requirements.  His claim of actual innocence is illusory, and has to be rejected.  In view of the foregoing, his Petition must be considered a second or successive motion

---

direct appeal and § 2255 review.  Petitioner does not dispute having possession of a firearm.

15

under § 2255, which Petitioner has not received authorization to file, and over which this Court lacks jurisdiction.[9]  28 U.S.C. § 2255.  Accordingly, this Petition must be dismissed.

### CONCLUSION

For the reasons set forth above, the Petition will be dismissed with prejudice for lack of jurisdiction.

An appropriate Order accompanies this Opinion.

                                    s/ Jerome B. Simandle
                                    JEROME B. SIMANDLE
                                    United States District Judge
Dated: **December 14, 2007**

---

[9] Although this Court is reclassifying the petition as a § 2255 motion, no Miller notice and order is necessary to afford Petitioner an opportunity to raise additional § 2255 grounds. The purpose of the Third Circuit's decision in United States v. Miller, 197 F.3d 644 (3d Cir. 1999), was to provide fair warning to petitioners whose petitions were being re-characterized as § 2255 motions so that they could ensure that all their claims were fully raised in a single all-encompassing § 2255 petition.  Such warning, the Miller court reasoned, is necessary because petitioners will thereafter be unable to file "second or successive" § 2255 petitions without certification by the Court of Appeals.  Because Petitioner in this case has already filed a § 2255 motion which was addressed by the sentencing Court, and because the current petition is itself "second or successive," no purpose would be served by a Miller notice.